IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOE CUMMINGS BONNER, JR.,

        Plaintiff,

    v.

SHERIFF TERRY ROWAN, and
NURSE GLORIA DAUM,

        Defendant.

Civil No 2:21-cv-00757-JR.

ORDER

RUSSO    , Magistrate Judge.

    Plaintiff, who was formerly in custody at the Umatilla County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Umatilla County Sheriff Terry Rowan and Nurse Gloria Daum. Currently before the Court is defendant Rowan's Motion to Dismiss for Failure to State a Claim (ECF No. 15). For the reasons that follow, defendant Rowan's Motion is

1 - ORDER

GRANTED.

## BACKGROUND

Plaintiff alleges that the medical care he received while held in the Umatilla County Jail amounted to a violation of his constitutional rights. As to defendant Rowan, plaintiff alleges that he is "in charge of the entire jail and all staff." (ECF 2, pp. 1-2). Plaintiff does not allege any plausible facts showing that defendant Rowan was personally involved in causing plaintiff harm. Defendants move to dismiss plaintiff's claims against defendant Rowan for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

## LEGAL STANDARDS

In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556-57 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678 (internal quotations omitted).

Plaintiff is proceeding *pro se*, and therefore this Court construes his Complaint liberally and affords plaintiff the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th

Cir. 2000).

## DISCUSSION

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). Thus, in order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. Iqbal, 556 U.S. at 677 ("In a § 1983 suit . . . the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct"). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of

3 - ORDER

constitutional rights or knew of the violations and failed to act to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation."  Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).  To prove liability for an action or policy, the plaintiff "must . . . demonstrate that his deprivation resulted from an official policy or custom established by a . . . policymaker possessed with final authority to establish that policy."  Waggy v. Spokane Cty. Wash., 594 F.3d 707, 713 (9th Cir. 2010).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Here, plaintiff's conclusory statements about defendant Rowan, without factual support, are insufficient to state a claim against him.  Plaintiff has failed to allege facts to support a claim that defendant Rowan participated in or directed the violations of plaintiff's rights, or knew of the violations and failed to act to prevent them.  Plaintiff also has failed to plead facts showing that any policy was a moving force behind the alleged constitutional violations.  Accordingly, plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983 against defendant Rowan.

## CONCLUSION

For these reasons, the Court GRANTS defendant Rowan's Motion to Dismiss for Failure

4 - ORDER

to State a Claim (ECF No. 15). Plaintiff has 30 days from the date of this Order to file an Amended Complaint curing the deficiencies noted above. Plaintiff is advised that if he fails to do so, defendant Rowan will be dismissed from this action.

DATED this  8   day of November, 2021.

*Jolie A. Russo*
Jolie A. Russo
United States Magistrate Judge